IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **ROSA MARIA CASAS GARCIA,** | § | CIVIL ACTION NO. 7:23-cv-379 |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | DEMAND FOR JURY TRIAL |
| | § | |
| **TAQUERIA MORALES, INC.,** | § | |
| **VICTOR MANUEL GARCIA, and** | § | |
| **JULIA RODRIGUEZ GARCIA,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S COMPLAINT

1. Plaintiff Rosa Maria Casas Garcia, a restaurant worker, brings this action against her former employers Taqueria Morales, Inc., Julia Rodriguez Garcia, and Victor Manuel Garcia for failure to pay her the wages she earned, for assault, and for unlawful retaliation in response to her complaints about sexual harassment.

2. This action is brought (1) for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, (2) for violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, (3) for violations of the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.001 *et seq.*, (4) for assault by offensive physical contact, (5) for breach of contract, and (6) pursuant to the common-law doctrine of *quantum meruit*.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims pursuant to the following:

    a. 28 U.S.C. § 1331 (Federal Question);

    b. 28 U.S.C. § 1337 (Interstate Commerce);

    c. 29 U.S.C. § 216(b) (FLSA); and

    d. 42 U.S.C. § 2000e-5(f)(3) (Title VII).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to Plaintiff's federal claims that they form part of the same case or controversy.

5. This Court has personal jurisdiction over the Defendants.

6. Because a substantial part of the acts or omissions giving rise to Plaintiff's causes of action occurred in Hidalgo County, Texas, venue is proper in this District and Division under 28 U.S.C. §§ 1391(b)(1) and (2).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Rosa Maria Casas Garcia ("Plaintiff") is a natural person, female, who resides in Hidalgo County, Texas.

9. Defendant Taqueria Morales, Inc. is a Texas for-profit corporation with its principal place of business in Donna, Texas. This Defendant may be served via its registered agent, Victor M. Garcia.

10. Defendant Victor Manuel Garcia is a natural person who resides and does business in Hidalgo County, Texas.

11. Defendant Julia Rodriguez Garcia is a natural person who resides and does business in Hidalgo County, Texas.

## FACTS

12. Defendants Victor Manuel Garcia and Julia Rodriguez Garcia jointly operate and manage Taqueria Morales, Inc., a restaurant located at 1102 Hooks Ave., Donna, Texas 78537.

13. Defendant Victor Manuel Garcia is Defendant Taqueria Morales, Inc.'s President, Director, and Registered Agent.

14. Defendant Julia Rodriguez Garcia is Defendant Taqueria Morales, Inc.'s Vice-President.

15. In approximately 2016, Defendants hired Plaintiff to work at Taqueria Morales, a restaurant in Donna, Texas.

16. Plaintiff began working for Defendants as a waiter.

17. After a few months of work for Defendants, Plaintiff was promoted to a position as a cook.

18. Plaintiff worked for Defendants from approximately 2016 until in or around March 2020, and then again from in or around August 2020 until in or around September 2022.

**Plaintiff's Hours and Pay**

19. During Plaintiff's work for Defendants, Taqueria Morales had a morning shift and an afternoon shift. Each shift lasted from approximately 7.5 to more than 8 hours.

20. From the beginning of Plaintiff's work for Defendants until in or around March 2020 and from in or around August 2020 through in or around July 2022, Plaintiff regularly worked at least six shifts per week for Defendants.

21. From the beginning of Plaintiff's work for Defendants until in or around March 2020 and from in or around August 2020 through in or around July 2022, Plaintiff regularly worked at least 45 hour per week for Defendants.

22. From in or around August 2022 to in or around September 2022, Plaintiff typically worked 5 shifts per week for Defendants.

23. From in or around August 2022 to in or around September 2022, Plaintiff typically worked approximately 40 hours per week for Defendants.

24. At the time Plaintiff was hired, Defendants promised to pay Plaintiff $35.00 per shift she worked.

25. After Plaintiff was promoted to a position as a cook, Defendants promised to pay Plaintiff $50.00 per shift she worked.

26. From the time Plaintiff started working as a cook until in or around March 2020, Defendants typically purported to pay Plaintiff approximately $300.00 per week before making deductions, resulting in Plaintiff receiving less than the federal minimum wage of $7.25 per hour even before deductions were taken from her pay.

27. Defendants effectively reduced Plaintiff's pay even further below the minimum wage by making impermissible deductions from her pay.

28. Beginning around 2019, Plaintiff lived in an apartment controlled by Defendants Victor Manuel Garcia and Julia Rodriguez Garcia.

29. The apartment Plaintiff lived in was substandard in that, for example, it had holes in the floor and was infested with vermin.

30. From in or around 2019 through July 2022, Defendants deducted $125.00 per week from Plaintiff's pay, purportedly for housing provided to Plaintiff.

31. In or around August 2020, Defendants promised Plaintiff a raise to $60.00 per shift she worked.

32. In 2022, Defendants promised Plaintiff a raise to $65.00 per shift she worked.

33. Beginning in or around 2019, Defendants failed to pay Plaintiff the amounts they had promised to her for each shift worked.

34. From in or around August 2020 through in or around July 2022, Defendants paid Plaintiff less than $100 per week for her work, and sometimes much less.

35. Defendants paid Plaintiff so little purportedly to pay down a supposed debt of approximately $3,000.00 that Defendants claimed Plaintiff owed to Defendants.

36. From in or around August 2020 through in or around July 2022, Defendants also continued to withhold $125.00 per week from Plaintiff's pay, purportedly for housing provided to Plaintiff.

37. By paying Plaintiff less than $100 per week for more than 45 hours of work per week from August 2020 through July 2022, Defendants paid Plaintiff less than the federal minimum wage of $7.25 per hour for the hours she worked in each workweek.

38. In or around late July 2022, Defendants made Plaintiff move out of the housing they controlled.

39. After Plaintiff moved out of the housing she rented from Defendants, Defendants paid Plaintiff no more than $200.00 per week, still claiming that they were withholding money to pay a supposed debt that Defendants claimed Plaintiff owed to Defendants.

40. The amount of money Defendants withheld from Plaintiff's weekly pay from in or around August 2020 to in or around September 2022 exceeded the amount Plaintiff supposedly owed for housing and debt payments.

41. From in or around August 2022 to in or around September 2022, Plaintiff worked approximately 5 shifts per week for Defendants, or approximately 40 hours per week.

42. By paying Plaintiff no more than $200.00 per week for approximately 40 hours of work per week from around July 2022 to around September 2022, Defendants paid Plaintiff less than the federal minimum wage of $7.25 per hour for the hours she worked in each workweek.

43. Beginning in or around August 2020, Defendant Julia Rodriguez Garcia required Plaintiff to participate in two *tandas* organized by a co-worker.

44. A *tanda* is an informal rotating savings and credit association in which the members each contribute a set amount per week or month. Once per month, generally, a member is chosen to receive a distribution of the full amount of the monthly contributions. The *tanda* ends when each member has received a monthly distribution.

45. From in or around August 2020 until in or around April 2021, Defendants regularly withheld money from Plaintiff's weekly pay for payments to the *tanda.*

46. Plaintiff's distribution from the first *tanda* was to be $1,300.00. However, Defendant Julia Rodriguez Garcia required Plaintiff to give Plaintiff's $1,300.00 distribution to Julia Rodriguez Garcia, supposedly to pay down her alleged debt to Defendants.

47. Plaintiff's distribution from the second *tanda* was $2,300.00. However, Defendant Julia Rodriguez Garcia required Plaintiff to give her $1,200.00 of this distribution, supposedly to pay down her alleged debt to Defendants.

48. Throughout Plaintiff's employment, Defendants paid Plaintiff in cash.

49. Throughout Plaintiff's employment, Defendants did not provide earnings statements to Plaintiff as required by Tex. Lab. Code § 62.003.

50. Plaintiff regularly worked more than 45 hours per week for Defendants from the beginning of her employment through July 2022.

51. During Plaintiff's employment, though she routinely worked more than 40 hours in each workweek, Defendants did not pay Plaintiff at time-and-a-half her regular hourly rate of pay for any of the hours she worked over 40 in any workweek.

52. In every or nearly every workweek in which Plaintiff worked for Defendants, Defendants did not pay Plaintiff the federal minimum wage of $7.25 per hour.

53. Defendants willfully and deliberately failed to issue earnings statements to Plaintiff and paid Plaintiff in cash with the intent to violate the FLSA and with the intent to hide such violations of the law.

54. Defendants' actions in failing to comply with the requirements of the FLSA were willful.

**Employment Relationship**

55. At all times relevant to this action, Defendant Taqueria Morales, Inc. was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

56. At all times relevant to this action, Defendant Taqueria Morales, Inc. "employed" Plaintiff within the meaning of 29 U.S.C. § 203(g).

57. As a matter of economic reality, Taqueria Morales, Inc. was an employer of and employed Plaintiff within the meaning of 29 U.S.C. §§ 203(d) and 203(g) during Plaintiff's work for Defendants. Taqueria Morales, Inc. acted, directly or indirectly, in the interest of an employer with respect to Plaintiff during Plaintiff's work for Defendants. Facts demonstrating that Taqueria Morales, Inc. was an employer of and employed Plaintiff include, but are not limited to, the following:

    a. Defendant Taqueria Morales, Inc. or its agents possessed the authority to hire and fire Plaintiff.

    b. Plaintiff received instruction regarding how to perform her job duties from Defendant Taqueria Morales, Inc. or its agents.

    c. Plaintiff performed services of the type specified by Defendant Taqueria Morales, Inc. or its agents and at the hours set by Defendant Taqueria Morales, Inc. or its agents.

    d. Plaintiff was economically dependent on Defendant Taqueria Morales, Inc. or its agents for the terms and conditions of her employment.

    e. Defendant Taqueria Morales, Inc. or its agents possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff, including scheduling, timekeeping, payroll and disciplinary practices.

58. At all times relevant to this action, Plaintiff was an "employee" of Defendant Taqueria Morales, Inc. within the meaning of 29 U.S.C. § 203(e)(1).

59. At all times relevant to this action, Defendant Julia Rodriguez Garcia was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

60. At all times relevant to this action, Defendant Julia Rodriguez Garcia "employed" Plaintiff within the meaning of 29 U.S.C. § 203(g).

61. As a matter of economic reality, Defendant Julia Rodriguez Garcia was an employer of and employed Plaintiff within the meaning of 29 U.S.C. §§ 203(d) and 203(g) during Plaintiff's work for Defendants. Julia Rodriguez Garcia acted, directly or indirectly, in the interest of an employer with respect to Plaintiff during Plaintiff's work for Defendants. Facts

demonstrating that Julia Rodriguez Garcia was an employer of and employed Plaintiff include, but are not limited to, the following:

    a. Defendant Julia Rodriguez Garcia or her agents possessed the authority to hire and fire Plaintiff.

    b. Plaintiff received instruction regarding how to perform her job duties from Defendant Julia Rodriguez Garcia or her agents.

    c. Plaintiff performed services of the type specified by Defendant Julia Rodriguez Garcia or her agents and at the hours set by Defendant Julia Rodriguez Garcia or her agents.

    d. Plaintiff was economically dependent on Defendant Julia Rodriguez Garcia or her agents for the terms and conditions of her employment.

    e. Defendant Julia Rodriguez Garcia or her agents possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff, including scheduling, pay, and discipline.

62. At all times relevant to this action, Plaintiff was an "employee" of Defendant Julia Rodriguez Garcia within the meaning of 29 U.S.C. § 203(e)(1).

63. At all times relevant to this action, Defendant Victor Manuel Garcia was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

64. At all times relevant to this action, Defendant Victor Manuel Garcia "employed" Plaintiff within the meaning of 29 U.S.C. § 203(g).

65. As a matter of economic reality, Defendant Victor Manuel Garcia was an employer of and employed Plaintiff within the meaning of 29 U.S.C. §§ 203(d) and 203(g) during Plaintiff's work for Defendants. Victor Manuel Garcia acted, directly or indirectly, in the

interest of an employer with respect to Plaintiff during Plaintiff's work for Defendants. Facts demonstrating that Victor Manuel Garcia was an employer of and employed Plaintiff include, but are not limited to, the following:

   a. Defendant Victor Manuel Garcia or his agents possessed the authority to hire and fire Plaintiff.

   b. Plaintiff received instruction regarding how to perform her job duties from Defendant Victor Manuel Garcia or his agents.

   c. Plaintiff performed services of the type specified by Defendant Victor Manuel Garcia or his agents and at the hours set by Defendant Victor Manuel Garcia or his agents.

   d. Plaintiff was economically dependent on Defendant Victor Manuel Garcia or his agents for the terms and conditions of her employment.

   e. Defendant Victor Manuel Garcia or his agents possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff.

66. At all times relevant to this action, Plaintiff was an "employee" of Defendant Victor Manuel Garcia within the meaning of 29 U.S.C. § 203(e)(1).

67. During Plaintiff's work for Defendants, Defendants were Plaintiff's "joint employers" within the meaning of 29 C.F.R. § 791.2.

68. Defendants' operations have been, at all times relevant to this action, an enterprise that has employed two or more employees who handled and worked with goods and materials that have been moved in or produced for commerce.

69. Throughout her employment with Defendants, Plaintiff handled goods and materials that had been moved in or produced for commerce, including but not limited to restaurant equipment, food, and cleaning products.

70. Defendants' enterprise had, at all times relevant to this action, annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

71. At all times relevant to this action, Defendants' restaurant operations have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

72. Throughout her work for Defendants, Plaintiff was engaged in the production of goods for commerce or was employed in an enterprise engaged in the production of goods for commerce within the meaning of 29 U.S.C. § 203.

73. Throughout her work for Defendants, Plaintiff was employed in an enterprise engaged in commerce within the meaning of 29 U.S.C. § 207(a).

74. At all times relevant to this action, Plaintiff was an "employee" of Defendant Taqueria Morales, Inc. as defined by Title VII, 42 U.S.C. § 2000e(f) and Tex. Lab. Code § 21.002(7).

75. At all times relevant to this action, Defendant Taqueria Morales, Inc. was an "employer" as defined by Title VII, 42 U.S.C. § 2000e(b), (g), and (h) and Tex. Lab. Code § 21.002(8).

**Sexual Assault and Sexual Harassment, Protected Activity, and Retaliation**

76. Throughout Plaintiff's employment with Defendants until in or around July 2022, Defendant Victor Manuel Garcia sexually harassed Plaintiff at work and touched her on a regular basis in inappropriate and unwelcome sexual ways.

77. For example, Defendant Victor Manuel Garcia would frequently grab and grope Plaintiff's breasts, buttocks, and waist.

78. In the summer of 2018, Defendant Victor Manuel Garcia gave Plaintiff a ride home from work. When Defendant Victor Manuel Garcia and Plaintiff arrived at Plaintiff's apartment, while Plaintiff was trying to get out of Defendant's vehicle, Defendant Victor Manuel Garcia pulled on Plaintiff's shirt and then sucked on and bit Plaintiff's breast without her consent.

79. In 2020, Defendant Victor Manuel Garcia's brother, Roberto Garcia, who also worked at the restaurant with Plaintiff, came to Plaintiff's apartment, allegedly to make a repair. While he was in her home, he forced his hand inside Plaintiff's pajamas and grabbed her vaginal area. As Roberto began forcing Plaintiff towards a bedroom, Plaintiff got free and ran outside.

80. In or around July 2022, while Plaintiff was working at Taqueria Morales, Defendant Victor Manuel Garcia sexually assaulted Plaintiff at the restaurant, grabbing her pelvic area and thrusting his pelvis into her buttocks from behind without her consent.

81. Plaintiff reported this sexual harassment and sexual assault by Defendant Victor Manuel Garcia and by Roberto Garcia to her supervisor, Defendant Julia Rodriguez Garcia.

82. On multiple occasions during Plaintiff's employment with Defendants, Defendant Victor Manuel Garcia assaulted Plaintiff, intentionally or knowingly causing physical contact

with Plaintiff in a manner that Victor Manuel Garcia knew or should have reasonably believed Plaintiff would have regarded as offensive or provocative.

83. On multiple occasions during Plaintiff's employment with Defendants, Defendant Victor Manuel Garcia brought a gun to work and made a show of loading it in front of Plaintiff and other employees.

84. Plaintiff's employment with Defendants ended in or around September 2022.

85. On March 3, 2023, Plaintiff reported workplace sexual assaults and harassment perpetrated by Defendant Victor Manuel Garcia and by Roberto Garcia to the Donna Police Department.

86. After Plaintiff made her police report, Defendants threatened and intimidated Plaintiff.

87. In or around April 2023, Defendant Julia Rodriguez Garcia communicated a threat to Plaintiff through her relatives in response to Plaintiff's complaint.

88. In early May 2023, on multiple occasions, Defendant Julia Rodriguez Garcia and her nephew, Roberto Garcia's son, who also worked at Taqueria Morales, slowly drove by the house where Plaintiff was living. Roberto Garcia's son also stopped his vehicle and watched Plaintiff's house.

89. In early May 2023, Defendant Julia Rodriguez Garcia sent a photo of Plaintiff entering Plaintiff's home to a relative of Plaintiff.

90. All actions and omissions alleged herein were undertaken by Defendants either directly or through their agents.

91. Plaintiff suffered injuries as a result of Defendants' actions and inactions.

## FIRST CLAIM FOR RELIEF – FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

92. Plaintiff reincorporates and re-alleges paragraphs 1 through 91 of this Complaint as if fully set forth herein.

93. The above-described actions by Defendants violated Plaintiff's minimum wage rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b).

94. The above-described actions by Defendants violated Plaintiff's overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b).

95. Plaintiff has consented to the filing of this action for violations of the FLSA. *See* Exhibit A.

96. Defendants' violations of the FLSA as specified above were willful.

## SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT
## AGAINST ALL DEFENDANTS

97. Plaintiff reincorporates and re-alleges paragraphs 1 through 91 of this Complaint as if fully set forth herein.

98. Defendants entered into employment contracts with Plaintiff when Plaintiff accepted Defendants' offers of employment at particular rates of pay.

99. By agreeing to work for Defendants and continuing to work for Defendants after each such offer of employment at a particular rate of pay, Plaintiff accepted Defendants' offers.

100. Plaintiff was at all times ready, willing, and able to comply with the terms of the employment contracts and did in fact comply with those terms.

101. Defendants breached each contract of employment with Plaintiff by failing to comply with the promised terms and conditions of employment including the following: failure to pay the promised rate of pay and failure to comply with state and federal employment laws.

102. Defendants' breaches were material.

103. As a direct consequence of Defendants' breaches of the employment contracts, Plaintiff suffered damages and substantial injury.

104. Defendants are liable to Plaintiff for Plaintiff's expectancy, reliance (direct, incidental, and consequential damages) and restitution damages.

105. In the alternative, if there was no contract covering Plaintiff's work, Plaintiff is entitled to damages pursuant to the common law doctrines of *quantum meruit* and unjust enrichment because Plaintiff provided valuable services to Defendants, Defendants accepted Plaintiff's services, and Defendants had reasonable notice that Plaintiff expected compensation for Plaintiff's services.

106. Defendants are liable to Plaintiff for her reasonable attorney's fees and costs pursuant to Tex. Civ. Prac. & Rem. Code § 38.001.

**THIRD CLAIM FOR RELIEF – ASSAULT BY OFFENSIVE PHYSICAL CONTACT AGAINST DEFENDANT VICTOR MANUEL GARCIA**

107. Plaintiff reincorporates and re-alleges paragraphs 1 through 91 of this Complaint as if fully set forth herein.

108. Defendant Victor Manuel Garcia intentionally or knowingly caused physical contact with Plaintiff when he knew or should reasonably have believed that Plaintiff would regard the contact as offensive or provocative.

109. This contact caused injury to Plaintiff.

**FOURTH AND FIFTH CLAIMS FOR RELIEF – RETALIATION
TITLE VII AND CHAPTER 21 OF THE TEXAS LABOR CODE
AGAINST DEFENDANT TAQUERIA MORALES, INC.**

110. Plaintiff reincorporates and re-alleges paragraphs 1 through 91 of this Complaint as if fully set forth herein.

111. Plaintiff engaged in protected activity under Title VII of the Civil Rights Act and Chapter 21 of the Texas Labor Code when she reported workplace sexual assault and harassment, including to the Donna Police Department in March 2023.

112. In retaliation for Plaintiff's opposition to and complaints about sexual harassment, Defendant and threatened and intimidated Plaintiff, thereby subjecting her to actions that a reasonable employee in her position would have found materially adverse and that would dissuade a reasonable employee in her position from engaging in protected activity under Title VII and Chapter 21.

113. A causal link exists between Plaintiff's protected activities and Defendant's adverse employment actions in threatening and intimidating her.

114. Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), and Tex. Labor Code Ann. §21.055 by threatening and intimidating Plaintiff because she engaged in protected activity.

115. The unlawful employment practices Plaintiff complains of in paragraphs 110-114 were intentional. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer grievous injuries, including pecuniary damages in the past and in the future, and non-pecuniary damages, including without limitation mental anguish, emotional pain and suffering, loss of enjoyment of life in the past and in the future, humiliation in the past

and in the future, and other pecuniary and non-pecuniary damages. Plaintiff seeks such damages in this lawsuit.

116. Defendant acted with malice or with reckless disregard and/or with reckless indifference to the lawfully protected rights of Plaintiff and Plaintiff therefore seeks punitive or exemplary damages.

117. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, and she therefore requests declaratory and injunctive relief as a means of securing relief for such wrongs.

118. Plaintiff abates this claim pending the exhaustion of her remedies before the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Declare that Defendants have violated the FLSA by failing to pay Plaintiff minimum wages as required by 29 U.S.C. § 206(a)(1);

B. Declare that Defendants have violated the FLSA by failing to pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1);

C. Declare that Defendant Taqueria Morales, Inc. violated Plaintiff's rights under Title VII of the Civil Rights Act and Chapter 21 of the Texas Labor Code;

D. Award Plaintiff her unpaid overtime and minimum wage compensation and an additional, equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

E. Award Plaintiff pecuniary damages in the past and in the future and non-pecuniary damages, including without limitation mental anguish, emotional pain and suffering, loss of enjoyment of life in the past and in the future, humiliation in the past and in the future, due to Plaintiff by reason of Defendant Taqueria Morales, Inc.'s violations of Title VII and Chapter 21;

F. Award Plaintiff punitive damages for Defendant Taqueria Morales, Inc.'s violations of Title VII and Chapter 21;

G. With respect to Plaintiff's assault claims against Defendant Victor Manuel Garcia, award Plaintiff all actual damages, including but not limited to damages for past and future mental anguish, and exemplary damages;

H. With respect to Plaintiff's breach of contract claims against Defendants, award Plaintiff's expectancy, reliance (direct, incidental, and consequential damages) and restitution damages, and, in the alternative, award damages pursuant to the common law doctrine of *quantum meruit*;

I. Award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. § 216(b), 42 U.S.C. § 2000e-5(k), Tex. Lab. Code § 21.259, and Tex. Civ. Prac. & Rem. Code § 38.001;

J. Award Plaintiff costs of court and expert witness fees;

K. Award Plaintiff pre- and post-judgment interest as provided by law; and

L. Award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

**TEXAS RIOGRANDE LEGAL AID**

*/s/ Sarah Donaldson*
Sarah Donaldson
Texas Bar No.: 24065158
S. Dist. No.: 963517
TEXAS RIOGRANDE LEGAL AID, INC.
1111 N. Main Ave.
San Antonio, Texas 78212
Tel.: 210-212-3704
Fax: 956-591-8752
sdonaldson@trla.org
Attorney-in-Charge for Plaintiff

*/s/ Nathaniel Norton*
Nathaniel Norton
Texas Bar No.: 24037196
S. Dist. No. 33422
TEXAS RIOGRANDE LEGAL AID, INC.
1111 N. Main Ave.
San Antonio, Texas 78212
Tel.: 210-428-6608
Fax: 956-591-8752
nnorton@trla.org
Co-Counsel for Plaintiff